**FILED**
**Oct 14, 2020**
**07:15 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| Amalia Baccallao, | ) | Docket Nos.: 2019-04-0203A |
| Employee, | ) | 2019-04-0203B |
| v. | ) | 2019-04-0203C |
| Javier H. Sanabria DBA Custom Cleaning Service, | ) ) | |
| Respondent, | ) | State File Nos.: 51633-2019 |
| And | ) | 27508-2020 |
| AmGuard Ins. Co., | ) | 27484-2020 |
| Respondent, | ) | |
| And | ) | |
| Victoriano C. Jutzuy, | ) | Judge Robert Durham |
| Respondent, | ) | |
| And | ) | |
| United Painting Services, Inc., | ) | |
| Respondent, | ) | |
| And | ) | |
| Auto Owners Ins. Co., | ) | |
| Respondent. | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the Court on September 30, 2020, for an Expedited Hearing. Ms. Baccallao sought medical and temporary disability benefits for a right-knee injury she allegedly sustained at work. Her immediate employer, Mr. Jutzuy, did not have workers' compensation insurance. AmGuard, the carrier for the next-asserted contractor, Mr. Sanabria, claimed that it did not provide coverage for him for work performed in Tennessee. The final alleged contractor, United Painting, claimed the proof was insufficient to link Ms. Baccallao to it and that she failed to establish a work-related injury. Based on the evidence, the Court holds Ms. Baccallao is likely to prove that she is entitled to a panel of doctors for treatment from Mr. Jutzuy, but she did not sufficiently establish a link to the other contractors to obtain benefits through them.

1

## History of Claim[1]

Amalia Baccallao has lived in Tennessee since 2006. In July 2019, she called Victoriano Jutzuy, who resided in Charlotte, North Carolina, about painting the new recreational center at Tennessee Tech. He hired her as a painter at $17.00 hourly wage. They met for the first time on July 15, 2020, when Ms. Baccallao learned that the job required her to paint from 7:00 to 5:00 with one hour for lunch.

Ms. Baccallao worked her entire shift from Monday to Thursday. In a Rule 72 Declaration, Mr. Jutzuy claimed she did not work on Friday, July 20.[2] Ms. Baccallao testified that she did, in fact, work her regular shift that Friday. She asserted that her work in the morning required her to climb up and down a fourteen-foot ladder and move it frequently. At one point, she hit her knee on a rung and hurt it while climbing down the ladder. She recalled asking Mr. Jutzuy to help her move the ladder and telling him that she had hurt her knee on the ladder. After lunch, Mr. Jutzuy assigned her to another area, where she finished her shift. Mr. Jutzuy asked her to work the next day, but she declined.

That evening, Ms. Baccallao noticed her knee was painful and swollen. She tried to call Mr. Jutzuy but could not reach him. On Monday, she went to work, but Mr. Jutzuy had not returned from his home in North Carolina. Instead, "Victor" oversaw assignments. She told him about hurting her knee on Friday. After lunch, Mr. Jutzuy arrived, and she again told him about her knee. He agreed it appeared swollen. They went to the project superintendent and reported the injury. Ms. Baccallao filled out an accident report that was signed by Mr. Jutzuy.[3] He then told her he no longer needed her and wrote her a check dated July 22 for $910.00. The check stated it was for the "TTU job."

The next day, Ms. Baccallao contacted the Bureau. On August 6, the Bureau initiated an investigation into possibly penalizing Mr. Jutzuy for lack of insurance. According to the Investigative Report, Mr. Jutzuy admitted to having no insurance because he believed United Painting was providing workers' compensation insurance. He confirmed eight painters worked on the project and stated he provided reports to United Painting, which wired money to him to pay the painters each week. He also reported that he consulted with United Painting before terminating Ms. Baccallao. However, in the Rule 72 Declaration, he denied being United Painting's employee.

The Investigative Report concluded that the relationship between Ms. Baccallao and Mr. Jutzuy met seven of the eight criteria in Tennessee Code Annotated section 50-6-102(12)(D)(i) for determining whether the injured worker is an employee or a subcontractor.

---

[1] Unless specifically stated otherwise, the facts contained in this section were undisputed.

[2] Mr. Jutzuy did not appear at the hearing. Ms. Baccallao stated she tried to locate him, but he has "disappeared."

[3] The report was not made an exhibit.

Ms. Baccallao made several attempts to obtain authorization to see a doctor from Mr. Jutzuy and Mr. Sanabria, who allegedly subcontracted the project to Mr. Jutzuy. She also sought authorization from United Painting. All her efforts were unsuccessful. Over the course of several months, Ms. Baccallao filed Petitions for Benefit Determination against Mr. Jutzuy, Mr. Sanabria and United Painting, as well as Mr. Sanabria's alleged carrier, AmGuard, and United Painting's carrier, Auto-Owners. The Court consolidated these Petitions for the Expedited Hearing.

In addition to her testimony, Ms. Baccallao submitted a contract she said was given to her by Mr. Sanabria. The contract is titled "Subcontractor Agreement" and purports to be between United Painting and Javier Hernandez.[4] The agreement identified the "TTU-Student Rec Center" as the "Project." It is dated May 31, 2019, and signed by Leonardo Andrade, President and Owner of United Painting, and Mr. Hernandez as Owner of "Subcontractor."

Ms. Baccallao testified she continues to suffer from pain and swelling in her knee that significantly impairs her ability to move, particularly by climbing up and down stairs. On cross-examination, she admitted she did not seek medical care until September 2020 but stated it was because she could not pay for it. She submitted a bill from the emergency room for $513.00.

Neither Mr. Jutzuy nor Mr. Sanabria appeared at the hearing. For its part, AmGuard offered into evidence its policy with Mr. Sanabria and argued that it only covered employees hired to do work in North Carolina unless the following elements were met: The claimant was hired or performing work in North Carolina; Mr. Sanabria did not have, nor was required to have, workers' compensation insurance in the state where benefits were claimed; and the work being performed by the claimant was temporary. AmGuard asserted that the contract between Ms. Baccallao and Mr. Jutzuy was made in Tennessee for work to be performed in Tennessee. Thus, the workers' compensation policy would not apply.

United Painting also offered evidence in support of its position that it does not owe benefits to Ms. Baccallao. In addition to Mr. Jutzuy's Rule 72 Declaration that he was not an employee of United Painting and that Ms. Baccallao did not work on July 19, it also offered the Rule 72 Declaration of Lindsey Swanson, Finance Director for United Painting. Ms. Swanson stated that neither Ms. Baccallao, Mr. Jutzuy, nor Mr. Hernandez were ever employees of United Painting.

---

[4] At the hearing, counsel for AmGuard clarified that "Javier Hernandez" and "Javier Sanabria" was the same person.

3

**Findings of Fact and Conclusions of Law**

Ms. Baccallao must present evidence from which this Court can determine that she is likely to prove at trial that she is entitled to workers' compensation benefits, and if she is, who should be responsible for payment of those benefits. *See generally McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Here, the Court finds Ms. Baccallao a credible witness. She was open, straight-forward and answered all questions with confidence and an appearance of candor. The Court finds that Ms. Baccallao was Mr. Jutzuy's employee on July 19, 2020, and she provided him with statutory notice of a work-related knee injury suffered on that day. As corroboration that she worked on July 19, the Court considers the check made out to her, which was substantially consistent with working Monday through Friday for nine hours per day and part of the day Monday at a rate of $17.00 per hour.

The Court further finds that Mr. Jutzuy was a construction services provider who was not United Painting's employee, and thus he was obligated to provide workers' compensation insurance coverage to Ms. Bacallao under Tennessee Code Annotated section 50-6-902(d). This evidence is sufficient to entitle Ms. Baccallao to a panel of physicians from Mr. Jutzuy for treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A). *See Lewis v. Molly Maid*, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016). Mr. Jutzuy is ordered to provide a panel.

Of course, the complicating factor is that Mr. Jutzuy did not have workers' compensation insurance. Given that he was a subcontractor on the painting project, this would normally entitle Ms. Baccallao to travel up the chain of contractors until she reached one with workers' compensation insurance to compel benefits. Here, the evidence showed that United Painting subcontracted a project known as the "TTU-Student Rec Center" to Mr. Sanabria. However, Ms. Baccallao did not provide enough evidence to show she would likely prove that Mr. Sanabria in turn subcontracted the project to Mr. Jutzuy. The Court suspects this evidence would not be difficult to obtain; nevertheless, it remains Ms. Baccallao's burden, and the Court must hold that she did not meet it.

Thus, the Court holds, at this time, that Mr. Sanabria and United Painting are not liable under the evidence introduced during the Expedited Hearing. Further, any issues regarding temporary disability benefits and the September emergency room bill are premature and thus deferred.

Finally, Mr. Jutzuy must provide medical benefits. However, since he did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund (UEF) has *discretion* to pay *limited* medical expenses if certain criteria are met. (See attached Benefits Request Form). Ms. Baccallao must establish that she: 1) worked for an

4

uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of Mr. Jutzuy's lack of coverage within 60 days of the injury; and, 5) secured a judgment for workers' compensation benefits against Mr. Jutzuy. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds Ms. Baccallao worked for an uninsured employer, Mr. Jutzuy, and that she is likely to prevail at a hearing on the merits that she suffered an injury arising primarily in the course and scope of employment on July 15, 2020. She was a Tennessee resident on that date, and she provided notice to the Bureau within 60 days of the injury and Mr. Jutzuy's lack of insurance. This order serves as a judgment for benefits. The Court holds that she satisfied all these elements.

IT IS, THEREFORE, ORDERED that:

1. Mr. Jutzuy shall provide Ms. Baccallao a panel of physicians for her injury under Tennessee Code Annotated section 50-6-204. Issues involving temporary disability benefits and reimbursement of medical expenses are deferred.

2. Ms. Baccallao satisfied the requirements of Tennessee Code Annotated section 50-6-801(d) and thus is eligible to receive limited medical benefits from the UEF at the Administrator's discretion. Ms. Baccallao must complete and file the attached form. Ms. Baccallao may contact an Ombudsman at 1-800-332-2667 for assistance with this process.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit confirmation within seven business days may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

4. This case is set for a Scheduling Hearing on November 19, 2020 at 9:00 a.m. Central Time. The parties must call 615-253-0010 or 855-689-9049 toll-free to participate in the Scheduling Hearing. Failure to appear might result in a determination of the issues without the party's participation.

**ENTERED on October 13, 2020.**

5

**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical Record:

1. Petition for Benefit Determination dated July 23, 2019
2. Petition for Benefit Determination dated April 17, 2020
3. Petitions for Benefit Determination dated April 30, 2020
4. Order Consolidating Claims
5. Dispute Certification Notice
6. Order Remanding Case to MOST
7. Subpoena
8. Order Denying Request for a Decision Based Upon Review of the File and Granting Request for an In-Person Evidentiary Hearing
9. Joint Medical Record Chronological Table of Contents
10. Employer/Carrier's Position Statement
11. Joint Exhibit List for Expedited Hearing
12. Employer/Carrier's Witness List for Expedited Hearing
13. Employee's Witness List

Exhibits:

1. Check from Victoriano Jutzuy to Amalia Baccallao
2. Expedited Request for Investigation Report
3. Affidavit of Rosemarie Farrell with attachments.
4. Affidavit of Amalia Baccallao
5. Rule 72 Declaration of Victoriano Jutzuy
6. Rule 72 Declaration of Lindsey Swanson
7. Subcontractor agreement between United Painting and Javier Hernandez
8. Picture of Ms. Baccallao's knee
9. Patient Consent Form from Satellite Med
10. Record from Cookeville Regional Medical Center

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 13, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Amalia Baccallao | X | | X | 378 W. Stevens Street, Apt. D Cookeville, TN 38501 mayabacallao@hotmail.com |
| Javier S. Sanabria | X | | X | 5663 Silver Bell Lane Granite Falls, NC 28630 |
| Victoriano C. Jutzuy | X | | | 1657 East Crest Drive, Apt. M5 Charlotte, N.C. 28205 |
| Allen Callison | | | X | Allen.callison@mgclaw.com |
| Michael Haynie | | | X | mhaynie@manierherod.com |
| Uninsured Employers Fund | | | X | Lashawn.pender@tn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

7



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                Page **1** of 2                RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*